IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BILL PAUL MCDANIEL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-53 |
| | § | |
| ORANGE COUNTY CORRECTIONAL FACILITY | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Bill Paul McDaniel, a pretrial detainee currently held at the Orange County Correctional Facility, proceeding *pro se,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Defendant the Orange County Correctional Facility.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff filed the above-referenced complaint on February 3, 2023 (doc. # 1). Plaintiff alleges the following:

> My reason for this is, I've been incarcerated here at Orange County Correctional Facility since the date of 08/22/2022. Since I've been here the medical department fails to get me proper medical attention. The assigned doctor has even granted me an [sic] referral to UTMB Galveston, TX for dermatologist visit for my plaque psoriasis skin condition. I feel that my amendment rights have been violated and this is very unprofessional/would like to file an [sic] civil lawsuit.

Original Complaint, pg. 4 (doc. # 1).

Standard of Review

A lawsuit shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if the action or appeal is (1) frivolous or malicious or (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 Fed. App'x 982 (5th Cir. 2009) (per curiam) (not designated for publication) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam)). The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under § 1915 when it is based on "an indisputably meritless legal theory." *Id*. at 327; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*. In considering whether to dismiss a complaint for failing to state a claim upon which

relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

Analysis

Plaintiff sues the Orange County Correctional Facility. The capacity of an entity, such as a police department or a county jail, to sue or to be sued is "determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b); *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). In order for a plaintiff to sue a department of a city or county, that department must enjoy a separate legal existence. *Darby*, 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.* A department of county government cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority." *Alcala v. Dallas County Sheriff's Department*, No. 92-1853, slip op. at 2 (5th Cir. Mar. 12, 1993) (quoting *Darby*, 939 F.2d at 313-14).

Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g., Bridges v. Rossi*, No. 3:96cv488, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (holding that Dallas Police Department lacks jural existence and the capacity to be sued); *Magnett v. Dallas County Sheriff's Department*, No. 3:96cv3191, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (holding that neither the Dallas County Sheriff's Department nor the Dallas County Sheriff's Department Detention Services Bureau has the legal authority to engage in separate litigation); *Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D. Tex. 1996)

3

(holding that county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued).

Plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314. However, Plaintiff has failed to allege or demonstrate that the Orange County Correctional Facility is a separate legal entity having jural authority. Accordingly, Plaintiff's claims against this entity should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## Recommendation

Plaintiff's claims against the Orange County Correctional Facility should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim and as frivolous.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 24th day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge